UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

THELETHIA MAHONE,

    Plaintiff,

vs.

KENNETH B. WALKER
RESIDENTIAL HOME, INC., a
Georgia non-profit corporation, and
TIMOTHY A. CRUMBLEY,

    Defendants.    /

Case No.: 4-14-cv-93 (CDL)

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, THELETHIA MAHONE and through the undersigned counsel, and files this complaint against Defendants, KENNETH B. WALKER RESIDENTIAL HOME, INC. ("KBWRH" or "Defendant") and Timothy A. Crumbley ("Crumbley" or "Defendant") (collectively "Defendants"), and states as follows:

### Jurisdiction

1.    This Court has original jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331 as it arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Muscogee County, Georgia.

### Defendant

2.    Defendant KBWRH is a Georgia non-profit corporation, with its principal place of business in Columbus, Georgia within this judicial district,

1

according to its most recent corporate filings with the State of Georgia as reflected on the Georgia Secretary of State's website.

3.     Defendant KBWRH may be served with process through its registered agent, Timothy A. Crumbley, at his registered agent address listed on the Georgia Secretary of State's website of 2305 Amos Street, Columbus, Georgia 31906, within this judicial district.

4.     Defendant Crumbley may be served at 2305 Amos Street, Columbus, Georgia 31906, within this judicial district.

5.     Defendant KBWRH is an emergency shelter home for abused and/or endangered children.

6.     Many of Defendant KBWRH's clients suffer from mental illness as a result of having suffered abuse and/or neglect.

7.     Defendant KBWRH provides shelter and housing for its clients as well as assistance with medical care and treatment.

8.     Defendant KBWRH is owned and operated by Defendant Crumbley.

9.     At all times relevant, Defendant Crumbley:

   a.     Was a corporate officer with operational control over the personnel of KBWRH;

   b.     Was involved in the day-to-day operations of Defendant KBWRH;

   c.     Hired and fired employees of Defendant KBWRH;

    d. Supervised the work of Defendant KBWRH's employees including the Plaintiff;

    e. Determined the rate and method of pay with respect to Plaintiff and other employees; and

    f. Acted in the direct interest of Defendant KBWRH with respect to Plaintiff and other employees.

  10. Defendant KBWRH is an institution primarily engaged in the care of persons who are sick, mentally ill and/or defective.

  11. Defendant KBWRH's clients reside on Defendant KBWRH's premises.

  12. Upon information and belief, Defendant KBWRH accepts insurance payments from companies who are headquartered outside the State of Georgia.

  13. Upon information and belief, Defendant KBWRH accepts payments for its services from one or more publically-funded agencies.

  14. Defendant KBWRH is an enterprise as defined by the Fair Labor Standards Act.

  15. Defendant Crumbley is liable in an individual capacity as an "employer" for the failure to pay overtime compensation to Plaintiff in violation of § 207 of the FLSA.

<u>**Plaintiff**</u>

16. Defendant KBWRH hired Plaintiff in approximately May of 2011.

17. Plaintiff worked for Defendant KBWRH as a Child Advocate until approximately October 2012 when she was promoted to House Supervisor.

18. Plaintiff's job duties included cooking, cleaning, and laundering for Defendant KBWRH's minor residents. Plaintiff also registered Defendant KBWRH's clients for school, arranged for their doctor's appointments, and assisted with the administering of medications.

19. Plaintiff's employment ended in approximately September 2013.

20. During her employment with Defendant KBWRH and in furtherance of its business operations, Plaintiff regularly used the internet.

21. During her employment with Defendant KBWRH and in furtherance of its business operations, Plaintiff regularly used interstate telephone lines.

22. During her employment with Defendant KBWRH and in furtherance of its business operations, Plaintiff was required to regularly drive between states, including travel to and from Georgia and Alabama.

23. During her employment with Defendant and in furtherance of its business operations, Plaintiff was regularly scheduled to work, and regularly did work, twelve (12) to sixteen (16) hours per day for Defendant KBWRH.

24. Plaintiff regularly worked more than forty (40) hours per week during her employment with Defendant KBWRH.

25. Sometimes, Plaintiff worked more than eighty (80) hours per week during her employment with Defendant KBWRH.

26. Defendants paid Plaintiff on an hourly basis.

27. Defendants did not pay plaintiff time and one-half her regular hourly rate for all hours worked over forty (40) each week. Rather, Defendants paid Plaintiff "straight time" for her overtime.

28. When she asked about overtime, Defendant KBWRH's management told Plaintiff, "We don't pay overtime."

29. Plaintiff was, at all times, an hourly paid non-exempt employee under the FLSA.

30. Plaintiff is entitled to time and one half her regular hourly rate for all hours worked over forty (40) each week during the applicable statutory period in this case.

31. Attached hereto as <u>Composite Exhibit A</u> are true and correct copies of Plaintiff's paystubs for the following pay periods:

    a. July 16 – August 15, 2012;

    b. November 16 – December 15, 2012;

    c. March 16 – April 15, 2013;

    d. April 16 – May 15, 2013;

    e. May 16 – June 15, 2013;

  f. July 16 – August 15, 2013; and

  g. August 16 – September 15, 2013.

32. As evidenced by the attached paystubs, Plaintiff was paid an hourly rate of either $8.00 or $9.00 per hour for all hours worked during each pay period regardless of whether such hours were over forty (40) in any given week.

33. During one or more work weeks of her employment, Plaintiff made less than $455 in guaranteed pay.

34. Plaintiff is individually covered by the FLSA by virtue of her regular travel across state lines in the performance of her duties for Defendant KBWRH.

### Defendants' Policy of Failing to Pay Overtime

35. Defendants failed to pay Plaintiff one and one half times her regular hourly rate for all of her overtime hours worked each week during her employment.

36. Upon information and belief, Defendants did not rely upon any Department of Labor Wage and Hour Opinions in creating Plaintiff's pay structure.

37. Upon information and belief, Defendants did not rely upon the advice of counsel in creating Plaintiff's pay structure.

38. Defendants knew or had reason to know that Plaintiff was performing work on behalf of Defendants without proper compensation as

6

Defendants were in possession of data (including electronic and metadata) reflecting the actual hours worked by Plaintiff each week yet Defendants continued to pay Plaintiff only "straight time" for her overtime hours.

39. Defendants knew their conduct violated the Fair Labor Standards Act or acted in reckless disregard for its provisions.

## COUNT I – UNPAID OVERTIME WAGES

40. Plaintiff reincorporates and adopts the allegations in the preceding paragraphs above.

41. Plaintiff MAHONE was an employee of Defendant KBWRH.

42. Defendants were Plaintiff's "employer" as that term is defined by the FLSA.

43. Defendant KBWRH is a covered enterprise as defined by Section 3(s) of the FLSA.

44. Plaintiff was and is individually covered by the FLSA.

45. Plaintiff regularly worked in excess of forty (40) hours per week for Defendants.

46. Defendants failed to pay Plaintiff one and one half times her regular hourly rate for all hours worked in excess of forty (40) each week in violation of Section 7(a) of the FLSA.

47. Plaintiff suffered harm and continues to suffer harm in the form of unpaid wages as a result of Defendants' violations.

48.     Plaintiff is owed additional compensation in the form of unpaid overtime wages.

49.     Defendants' violations of the FLSA were and continue to be willful.

WHEREFORE, Plaintiff THELETHIA MAHONE hereby requests entry of judgment in her favor and against Defendants, as well as payment of all wages owed, an equal amount in liquidated damages, payment of her attorneys fees and costs, and all such other relief as required by 29 U.S.C. § 207(a) and 216(b).

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 9th day of April, 2014,

/s/ *Jerilyn E. Gardner*
Jerilyn E. Gardner
Georgia Bar Number 139779
Fried & Bonder, LLC
1170 Howell Mill Rd NW Ste 305
Atlanta, GA 30318

Bernard R. Mazaheri
*Motion for pro hac vice* to be filed
Morgan & Morgan
20 N Orange Ave Ste 1600
Orlando, FL 32801
Tel – (407)420-1414
Email – bmazaheri@forthepeople.com

*Attorneys for Plaintiff*